UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTIAN JESUS PENALOZA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CERTAIN FRESNO COUNTY DEPUTIES,<br><br>　　　　Defendants. | 1:23-cv-01477-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THIS ACTION WITH PREJUDICE<br><br>(ECF No. 10)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

　　　　Plaintiff Cristian Jesus Penaloza is confined in Fresno County Jail (FCJ) and proceeds *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

　　　　Plaintiff filed the complaint commencing this action on October 16, 2023. (ECF No. 1). On March 1, 2024, the Court screened Plaintiff's complaint and found that it failed to state any cognizable claims. (ECF No. 9). The Court gave Plaintiff thirty days to either "file an amended complaint within 30 days . . . or file a statement with the Court that he wants to stand on [original] complaint . . ." (*Id.* at 1–2). Plaintiff filed his First Amended Complaint (FAC) on March 11, 2024. (ECF No. 10). Plaintiff alleges that he was insulted and assaulted by booking officers at Fresno County Jail.

　　　　The Court has reviewed Plaintiff's First Amended Complaint, and for the reasons described in this order, will recommend that this action be dismissed.

Plaintiff has thirty days from the date of service of these findings and recommendations to file his objections.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF No. 8), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff's complaint alleges that Correctional Officers at Fresno County Jail, identified as Doe 1 and Doe 2, violated his right to be free from cruel and unusual punishment. (ECF No. 10 at 2–3). Doe 1 is listed as "SERT Correctional Officer." (*Id.* at 2).

In support of his claim, Plaintiff's FAC alleges:

> In Booking. They moved me rooms. They premeditated. They walked in not shutting the door after me. (D1) they engaged an assault. (DS2) engaged an assault. Incident. They assaulted me. Unreasonably. I was assaulted I had cuts and bruises. I believe it was a cruel and unusual punishment.

(ECF No. 1 at 3–4). Plaintiff seeks "2 million/940,500" in damages. (*Id.* at 5).

## III. SECTION 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws,

> shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

   To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

   Additionally, a plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676–77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 695 (1978).

### IV.     ANALYSIS OF PLAINTIFF'S CLAIMS

####      A.     Requirement of Short and Plain Statement

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

The Court once again finds that Plaintiff fails to comply with Rule 8(a). In its previous screening order, the Court found as follows:

> Plaintiff's complaint does not contain enough facts to satisfy this requirement. Although Plaintiff alleges that he was insulted and assaulted, he does not give facts as to what happened to determine if Plaintiff has a cognizable claim. He does not describe what he was doing or the officers were doing when the insults and assault took place. He does not describe what anyone said that he claims were insults. He does not describe what happened in the assault, besides saying he was struck several times. He does not describe how many officers he believes participated in the incident. He describes one officer as "unknown SERT" but does not explain what this term means or how to identify the officers involved.
>
> If Plaintiff chooses to amend his complaint, he should include more details about the event, to understand what happened, including what insults were said, what force was used, and what lead to the force being used.

(ECF No. 9 at 4).

Despite the Court specifically informing Plaintiff that he should include additional factual allegations, Plaintiff's amended complaint includes *fewer* facts and his allegations are still conclusory. Although Plaintiff alleges that he was assaulted, he does not give facts as to

what happened to determine if Plaintiff has a cognizable claim. He still does not describe what he was doing or the officers were doing when the assault took place. He does not describe what happened in the assault, what force was used, and what lead to the force being used. He describes one officer as "SERT" but as before, he does not explain what this term means and does not provide sufficient distinct characteristics to identify the officers involved.

Accordingly, the Court finds that Plaintiff's complaint once again fails to comply with Rule 8(a).

### B.    Fourteenth Amendment/Excessive Force

Because Plaintiff appears to have been a pretrial detainee at the time of the incident,[1] the Court analyzes the claim under the Fourteenth Amendment. *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016). "[T]he Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment." *Graham*, 490 U.S. 386, 395, n.10 (1989). "In order to demonstrate excessive force, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015). In determining whether the use of force was excessive, the court may consider factors such as "(1) the extent of injury suffered by an inmate; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response." *Martinez v. Stanford*, 323 F.3d 1178, 1184 (9th Cir. 2003).

As with his original complaint, Plaintiff's FAC does not contain enough factual allegations to determine if the officers' force was unreasonable under these standards. He does not allege any context for the force to determine the need for the application of force, or lack of any need for that force. He does not describe what force was used. He does not describe anything the officers said or did before or during the incident.

---

[1] Plaintiff's complaint does not state whether he was a pretrial detainee at the time, but his allegations that the incident happened when he was booked at Fresno County Jail suggest that he was.

Thus, Plaintiff's allegations are not sufficient to state a claim for excessive force in violation of the Fourteenth Amendment.

### V. CONCLUSION AND ORDER

The Court recommends that this action be dismissed, without granting Plaintiff further leave to amend. In the Court's prior screening order (ECF No. 9), the Court identified the deficiencies in Plaintiff's complaint, provided Plaintiff with relevant legal standards, and provided Plaintiff with an opportunity to amend his complaint. Plaintiff filed his First Amended Complaint with the benefit of the Court's screening order, but failed to cure the deficiencies identified by the Court. Thus, it appears that further leave to amend would be futile.

Based on the foregoing, **IT IS ORDERED** that:

1. The Clerk of Court is directed to assign a district judge to this case.

It is further **RECOMMENDED** that:

1. This action be dismissed with prejudice for failure to state a claim; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 12, 2024**                               /s/ Erica P. Grosjean
                                                          UNITED STATES MAGISTRATE JUDGE