UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTIAN JESUS PENALOZA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CERTAIN FRESNO COUNTY DEPUTIES,<br><br>　　　　　Defendant. | No. 1:23-cv-01477-KES-EPG<br><br>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS AND DISMISSING THE COMPLAINT WITH LEAVE TO AMEND<br><br>(Doc. 12) |

　　　　Plaintiff Cristian Jesus Penaloza is confined in Fresno County Jail (FCJ) and proceeds pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On March 1, 2024, the magistrate judge screened the complaint and determined plaintiff failed to state a claim for excessive force. Doc. 9 at 5. Among other deficiencies, the magistrate judge found that the complaint did not "correctly identify any of the defendants, either by name or by Doe Defendant 1, 2, etc. such that their names can be substituted at a later time." *Id.* at 1. The magistrate judge provided plaintiff two options: (1) file a first amended complaint or (2) notify the court that he would stand on his complaint. *Id.* at 6-7. Plaintiff filed a first amended

1    complaint that appears to name defendants as D1 and DS2, but the complaint contains much less
2    detail than the original complaint. *See* Doc. 10.  The assigned magistrate reviewed the first
3    amended complaint, and on March 12, 2024, issued findings and recommendations to dismiss this
4    action with prejudice for failure to state a claim.  Doc. 12.  The magistrate judge found that while
5    plaintiff alleged that he was insulted and assaulted, he did not describe what he or the officers
6    were doing when the assault took place, did not describe what happened in the assault, what force
7    was used, and what led to the force being used. *Id.* at 5.  Additionally, the magistrate judge found
8    that plaintiff did not include sufficient distinct characteristics to identify the officers involved. *Id.*
9    The magistrate judge also found that affording leave to amend would be futile because plaintiff
10   was previously granted leave to amend yet failed to state a cognizable claim in the amended
11   complaint, which included only conclusory allegations and even fewer facts than the original
12   complaint. *Id.* at 4–6.

13   Plaintiff timely filed his objections on March 22, 2024.  Doc. 14.  In his objections,
14   plaintiff provides physical descriptions of the officers he alleges assaulted him, provides
15   additional details concerning the context of the assault, and further describes the assault. *Id.* at 1-
16   3.  Plaintiff alleges that a defendant asked if he was a gang member, then hit plaintiff on the top
17   of his head, and continued hitting plaintiff. *Id.* at 2.  Plaintiff also alleges a defendant hit him
18   using both hands and hit plaintiff while holding keys. *Id.*  Plaintiff also alleges he was hit ten
19   times and that he was injured as a result of the assault. *Id.* Plaintiff alleges the assault was
20   unprovoked and that there is a female officer who witnessed the assault. *Id.*  at 3.

21   In accordance with 28 U.S.C. § 636(b)(1), this court has conducted a de novo review of
22   this case.  The findings and recommendations correctly note that the first amended complaint did
23   not contain enough factual allegations to sufficiently state a claim for excessive force.  However,
24   plaintiff's objections provide new and clarifying allegations concerning plaintiff's claims that,
25   when read together with the original complaint, suggest that leave to amend would not be futile.
26   Pro se complaints should be liberally construed and may be dismissed only if the plaintiff can
27   prove no set of facts in support of his claim. *Mangiaracina v. Penzone*, 849 F.3d 1191, 1195 (9th
28   Cir. 2017).  Accordingly, plaintiff will be given **one final opportunity** to file a further amended

complaint.

If plaintiff chooses to file a second amended complaint, that complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint." Plaintiff is reminded that an amended complaint supersedes the prior complaint. *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (amended complaint supersedes a prior complaint, the latter being treated thereafter as non-existent). In addition, the amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Thus, plaintiff must allege all facts in the second amended complaint concerning the alleged assault to support his claims for excessive force under the Fourteenth Amendment. Once plaintiff files a seconded amended complaint, the prior complaints no longer serve any function in the case.

Accordingly, it is HEREBY ORDERED that:

1. The findings and recommendations (Doc. 12) issued on March 12, 2024, are adopted in part;
2. The first amended complaint is dismissed with leave to amend;
3. Plaintiff may file a second amended complaint **within 30 days** of the date of service of this order; and
4. <u>Plaintiff is advised that if he fails to file an amended complaint, this case will be dismissed for failure to comply with the court's order.</u>

IT IS SO ORDERED.

Dated:   October 10, 2024

_____
UNITED STATES DISTRICT JUDGE

3