UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTIAN JESUS PENALOZA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CERTAIN FRESNO COUNTY DEPUTIES,<br><br>　　　　　Defendants. | 1:23-cv-01477-KES-EPG (PC)<br><br>SCREENING ORDER<br><br>ORDER ALLOWING PLAINTIFF'S SECOND AMENDED COMPLAINT TO PROCEED ON HIS EIGHTH AMENDMENT EXCESSIVE FORCE CLAIM AGAINST CERTAIN FRESNO COUNTY DEPUTIES |

　　　　Plaintiff Cristian Jesus Penaloza is confined in Fresno County Jail (FCJ) and proceeds *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed a Second Amended Complaint on October 31, 2024. (ECF No. 16). Plaintiff alleges that on March 7, 2022, he was assaulted by two male Fresno County Deputies.

　　　　The Court has reviewed Plaintiff's Second Amended Complaint, and for the reasons described in this order, the Court finds that Plaintiff's Eighth Amendment excessive force claim against John Doe 1 and John Doe 2 should proceed past screening. As the Court has found that Plaintiff's only claim should proceed past screening, the Court will, in due course, issue an order authorizing Plaintiff to take discovery for the purposes of identifying John Doe 1 and 2.

### I.　　SCREENING REQUIREMENT

　　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF No. 8), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.  SUMMARY OF PLAINTIFF'S SECOND AMENDED COMPLAINT

Plaintiff's Second Amended Complaint alleges that on March 7, 2022, before getting housed in AJ-3-G2, he was assaulted by two male deputies at Fresno County Jail, identified as Doe 1 and Doe 2. (ECF No. 16). He states that a third deputy was a witness.

Plaintiff describes Doe 1 as corporal sheriff classification officer, tall, white, green eyes, yellow hair, about 250 lbs, clean shaven, sides of the hair bald, only long hair on top.

Plaintiff describes Doe 2 as young, around 29 years of age, Hispanic, dark skin, shaved faced, black hair, long on top, short on sides, brown eyes.

The third deputy, who is a witness to this assault, is a female Fresno County Deputy who worked in booking.

Plaintiff alleges that he walked down a short hall as they cracked open the cell and then, as he walked in, they followed him in. Plaintiff sat down with his back to the wall. He said John Doe 1 hit him once so hard he may have lost consciousness. Plaintiff states he did nothing to provoke this. Plaintiff says John Doe 2 crouched down and asked him if Plaintiff was a gang member. Then he pounded Plaintiff on his right eye and hit him on the left side of his face. Plaintiff became dazed. Doe 2 had a key in his hand. Plaintiff bled from getting hit. Doe 2 pounded on his head left, right, left, right, left right. The white male, Doe 1, had black gloves. Plaintiff reiterates that he did not provoke this assault, or use of excessive force, or any force.

For his injuries, Plaintiff states that he cuts, black eyes, bruises. Plaintiff asks for justice and monetary damages.

\\\

**III.    SECTION 1983**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

Additionally, a plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676–77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 695 (1978).

### IV.     ANALYSIS OF PLAINTIFF'S CLAIMS

#### A.     Fourteenth Amendment/Excessive Force

Because Plaintiff appears to have been a pretrial detainee at the time of the incident,[1] the Court analyzes the claim under the Fourteenth Amendment. *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016). "[T]he Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment." *Graham*, 490 U.S. 386, 395, n.10 (1989). "In order to demonstrate excessive force, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015). In determining whether the use of force was excessive, the court may consider factors such as "(1) the extent of injury suffered by an inmate; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response." *Martinez v. Stanford*, 323 F.3d 1178, 1184 (9th Cir. 2003).

Based on allegations in Plaintiff's SAC, this Court finds that Plaintiff states a cognizable claim for excessive force under the Due Process Clause of the Fourteenth Amendment as described above.  Plaintiff alleges that Defendants Doe 1 and Doe 2 used objectively unreasonable force in assaulting Plaintiff without justification. The Court finds that this claim can proceed past the screening stage.

---

[1] Plaintiff's complaint does not state whether he was a pretrial detainee at the time, but his allegations that the incident happened when he was booked at Fresno County Jail indicate that he was.

## V.     CONCLUSION AND ORDER

The Court has screened the Second Amended Complaint and finds that Plaintiff's Eighth Amendment excessive force claim against defendants Doe 1 and Doe 2 should proceed past screening.

As the Court has found that Plaintiff's only claim should proceed past screening, the Court will, in due course, issue an order authorizing Plaintiff to take discovery to identify the Doe defendants.[2]

IT IS SO ORDERED.

Dated:  **November 22, 2024**           /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff is advised that Defendants Doe 1 and Doe 2 cannot be served until Plaintiff has identified them and filed a motion to substitute, or amended his complaint to substitute, the named defendants in place of the Doe defendants. For service to be successful, the Court and/or the United States Marshal must be able to identify and locate the defendants to be served. Plaintiff will be given the opportunity to seek information to identify the Doe defendants.  However, it is ultimately Plaintiff's responsibility to identify the Doe Defendants for the case to proceed against them.