UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTIAN JESUS PENALOZA, | Case No. 1:23-cv-01477-KES-EPG (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DISMISS THIS ACTION WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH COURT'S ORDERS |
| v. | |
| CERTAIN FRESNO COUNTY DEPUTIES, | |
| Defendants. | OBJECTIONS, IF ANY, DUE WITHIN 30 DAYS |

Plaintiff Cristian Jesus Penaloza is confined in Fresno County Jail (FCJ) and proceeds *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff alleges that he was assaulted by two male Fresno County Deputies while in custody.

For reasons stated below, the Court recommends that this case be dismissed without prejudice for failure to prosecute and failure to comply with the Court's orders.

## I.    BACKGROUND

Plaintiff filed a Second Amended Complaint (SAC) on October 31, 2024. (ECF No. 16). Plaintiff alleged that on March 7, 2022, he was assaulted by two male Fresno County Deputies. (*Id.*). On November 22, 2024, the Court screened Plaintiff's Second Amended Complaint and found that Plaintiff's Eighth Amendment excessive force claim against John Doe 1 and John Doe 2 should proceed past screening. (ECF No. 17).

1

Because the identity of Defendants is unknown to Plaintiff, on November 26, 2024, the Court issued an order authorizing issuance of subpoena *deuces tecum* for the purpose of discovering identities of the officers who Plaintiff alleges assaulted him. (ECF No. 18). The Court sent Plaintiff subpoena and service forms that Plaintiff needed to fill out and return to the Court within 30 days, so that the Court may direct U.S. Marshals service to serve these subpoenas. (*Id.* at 3). Plaintiff has not returned the subpoena forms and the deadline to do so has passed.

Both the Screening Order (ECF No. 17) and the Order Authorizing Subpoenas and the accompanying subpoena forms sent to Plaintiff (ECF No. 18) were returned to the Court as undeliverable on December 16 and 13, 2024, respectively. Plaintiff has not updated his mailing address or otherwise communicated with the Court. Per Local Rule 183 in effect at the time,[1] the deadline to do so has also passed.

## II.    LEGAL STANDARDS

Under Federal Rule of Civil Procedure 41(b), a court may dismiss an action for failure to comply with court orders and to prosecute. In determining whether to dismiss an action under Rule 41(b) for failure to prosecute or failure to comply with a Court order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).

## III.    ANALYSIS

In applying the *Pagtalunan* factors to this case, the first factor weighs in favor of dismissal, because "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (internal quotation marks omitted).

---

[1] The Rule has since been amended, effective January 1, 2025, to require plaintiff to notify the Court and opposing parties of the change in address within 30 days, instead of 60 days.

As to the second factor, the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Id.* Here, Plaintiff has failed to return completed subpoena forms, update his address, or otherwise communicate with the Court. Allowing this case to proceed further without any indication that Plaintiff intends to prosecute his case is a waste of judicial resources. *See Hall v. San Joaquin County Jail*, No. 2:13-cv-0324 AC P, 2018 WL 4352909, at *2 (E.D. Cal. Sept. 12, 2018) ("The court will not continue to drag out these proceedings when it appears that plaintiffs have no intention of diligently pursuing this case."). Therefore, the second factor weighs in favor of dismissal.

Turning to the third *Pagtalunan* factor, risk of prejudice to Defendants, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to comply with a court order that is causing delay and preventing this case from progressing. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, the fourth *Pagtalunan* factor, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Monetary sanctions are of little use, considering Plaintiff's incarceration and *in forma pauperis* status. (*See* ECF No. 8). And, given the stage of these proceedings, the preclusion of evidence or witnesses is not available. Moreover, dismissal *without* prejudice *is* the lesser sanction available to the Court. Under Federal Rule of Civil Procedure 41(b), a court may dismiss an action *with* prejudice for failure to comply with court orders and to prosecute. Fed. R. Civ. P. (41)(b); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962) (holding that Rule 41(b) allows *sua sponte* dismissal by the Court because "[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their

own affairs so as to achieve the orderly and expeditious disposition of cases.") Therefore, the fourth factor also weighs in favor of dismissal.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Pagtalunan*, 291 F.3d at 643.

## IV.    CONCLUSION AND RECOMMENDATIONS

After weighing the factors, the Court finds that dismissal without prejudice is appropriate.

Accordingly, **IT IS RECOMMENDED** that:

1. This action be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to follow Court's orders; and

2. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no more than 15 pages including exhibits.

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    __February 25, 2025__          _/s/ Erica P. Grosjean_
                                          UNITED STATES MAGISTRATE JUDGE